# COMMONWEALTH *vs.* DILLON D., a juvenile.

Suffolk. February 6, 2007. - April 17, 2007.

Present: GREANEY, IRELAND, SPINA, COWIN, & CORDY, JJ.

*Delinquent Child. Firearms. Constitutional Law,* Admissions and confessions, Waiver of constitutional rights. *Evidence,* Admissions and confessions. *Practice, Criminal,* Admissions and confessions.

A police officer was justified in questioning the juvenile regarding the location of a gun without first administering the Miranda warnings in the presence of an interested adult, where the juvenile's possession of over fifty bullets while at school was enough to support the inference that a gun was in close proximity and to invoke the public safety exception to the Miranda warnings. [795-797]

COMPLAINT received and sworn to in the Suffolk County Division of the Juvenile Court Department on September 23, 2004.

A pretrial motion to suppress evidence was heard by *Marjory A. German,* J.

An application for leave to prosecute an interlocutory appeal was allowed by *Ireland,* J., in the Supreme Judicial Court for the county of Suffolk, and the case was reported by him to the Appeals Court. After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Holly T. Smith* for the juvenile.

*Dean A. Mazzone,* Assistant District Attorney (*Kathleen Celio,* Assistant District Attorney, with him) for the Commonwealth.

IRELAND, J. Dillon D., a juvenile, was charged with delinquency by reason of possession of a firearm and ammunition without an identification card in violation of G. L. c. 269, § 10 (*h*). He filed a motion to suppress, arguing that his Miranda rights were violated. The motion was granted by a Juvenile Court judge. The Commonwealth appealed from the decision, and the Appeals Court reversed the suppression order in an unpublished memoran-

dum and order pursuant to its rule 1:28. *Commonwealth* v. *Dillon D.,* 66 Mass. App. Ct. 1107 (2006). We granted the juvenile's application for further appellate review. Because we conclude that the circumstances of this case warranted a heightened public safety concern and triggered the limited public safety exception to *Miranda* v. *Arizona,* 384 U.S. 436 (1966), we reverse the order granting the motion to suppress.

*Procedural and factual background.* We summarize the facts contained in the motion judge's written findings of fact and rulings of law requested by the Commonwealth pursuant to Mass. R. Crim. P. 15 (b) (2), as appearing in 422 Mass. 1501 (1996).[1] See *Commonwealth* v. *Bottari,* 395 Mass. 777, 778 (1985). On September 22, 2004, an administrator of a Boston middle school saw the thirteen year old juvenile carrying and showing students a clear plastic bag containing over fifty bullets near the school's lunchroom. This information was conveyed to Boston school police Officer Steven Partello. The school administrator confiscated the bullets, and the juvenile was then told to go directly to the main office.[2] On his arrival at the main office, Partello conducted a pat-down of the juvenile for weapons and found none.

After reciting the Miranda warnings to the juvenile in front of an administrator, Partello asked the juvenile to disclose the location of the gun, and the juvenile responded that he did not have a gun. The juvenile's mother and grandmother arrived approximately twenty-five to thirty-five minutes later. Although the mother was neither provided an opportunity to be alone with the

---

[1]We supplement the judge's findings with uncontroverted testimony she credited. See *Commonwealth* v. *Watson,* 430 Mass. 725, 726 n.5 (2000); *Commonwealth* v. *Willis,* 415 Mass. 814, 816 n.2 (1993).

[2]Partello testified that, after receiving the clear plastic bag of bullets, he was on his way to the main office when he observed the juvenile going up the stairs of the building near a side door that was closing. Partello described the juvenile as being "out of breath, sweating, breathing heavily." The motion judge's findings did not include details regarding Partello's observations of the juvenile possibly leaving the building after being confronted about his possession of bullets and of his sweaty and out-of-breath appearance on returning. However important these observations may be, we are unable to credit this portion of Partello's testimony because there is no evidence that the judge credited this testimony. See *Commonwealth* v. *Isaiah I.,* ante 334, 338 (2007) (court declined to add facts where credibility determinations had not been made by motion judge).

juvenile nor informed of the juvenile's Miranda rights, Partello continued questioning the juvenile. The juvenile's mother also asked the juvenile questions in Partello's presence. The same day, school officials held a hearing resulting in the juvenile's expulsion. After the hearing, the juvenile agreed to lead Partello to the gun, which was located in an outdoor electrical box in a residential area approximately twenty-five yards from the school and approximately two feet from a residence.

In allowing the juvenile's motion to suppress, the judge found that the Commonwealth failed to prove that Miranda warnings were properly given to the juvenile in the presence of an adult as we have required in *Commonwealth* v. *A Juvenile*, 389 Mass. 128, 134 (1983), and concluded that the limited public safety exception to *Miranda* v. *Arizona, supra,* set forth in *New York* v. *Quarles*, 467 U.S. 649, 656-657 (1984), and *Commonwealth* v. *Alan A.*, 47 Mass. App. Ct. 271, 273-274 (1999), was not applicable. Together with its request for findings of fact and rulings of law, the Commonwealth timely filed a notice of appeal.

In November, 2004, a single justice of the county court allowed the Commonwealth's application for leave to prosecute an interlocutory appeal, and reported the case to the Appeals Court. In reversing the motion judge's order, the Appeals Court concluded that the circumstances of this case triggered heightened public safety concerns and, consequently, that Miranda warnings administered in the presence of an interested adult were not required.

*Discussion.* In reviewing a ruling on a motion to suppress, "we accept the judge's subsidiary findings of fact absent clear error 'but conduct an independent review of [her] ultimate findings and conclusions of law.' " *Commonwealth* v. *Scott*, 440 Mass. 642, 646 (2004), quoting *Commonwealth* v. *Jimenez*, 438 Mass. 213, 218 (2002). We may also consider uncontroverted and undisputed facts that are supported by the record. See note 1, *supra*.

Here, the juvenile argues that the judge correctly concluded that his Miranda rights were violated because the public safety exception was not applicable. The juvenile points out that Partello initially questioned him outside the presence of a parent or guardian, despite the fact that he was only thirteen years old.

The juvenile further notes that after the arrival of his mother, questioning continued even though Partello never recited Miranda warnings to him in his mother's presence and failed to give the mother an opportunity to consult privately with him prior to answering Partello's questions. Thus, the juvenile claims that the judge's order allowing the motion to suppress should be affirmed. We disagree.

Generally, "Miranda warnings must precede police questioning whenever [a] person is 'deprived of his freedom of action in any significant way.' " *Commonwealth* v. *Clark*, 432 Mass. 1, 13 (2000), quoting *Commonwealth* v. *Haas*, 373 Mass. 545, 552 (1977), *S.C.*, 398 Mass. 806 (1986). When a suspect is a juvenile under the age of fourteen years, we have held that, in order to establish that the juvenile waived his Miranda rights, the Commonwealth bears the burden to prove that "a parent or an interested adult was present, understood the warnings, and had the opportunity to explain his rights to the juvenile so that the juvenile understands the significance of waiver of these rights." *Commonwealth* v. *MacNeill*, 399 Mass. 71, 77 (1987). Additionally, in order to waive their Miranda rights validly, juveniles under fourteen years old must "actually consult" with an interested adult. *Commonwealth* v. *McCra*, 427 Mass. 564, 568 n.2 (1998), citing *Commonwealth* v. *A Juvenile, supra*. This is based on the assumption that an informed parent is in a better position to understand the juvenile's rights than the juvenile, who may be unable to comprehend fully these rights without such assistance. *Commonwealth* v. *MacNeill, supra.*

However, the United States Supreme Court has held that a public safety exception to the general rule applies if there are circumstances in which "concern for public safety [is] paramount to adherence to the literal language of the prophylactic rules enunciated in *Miranda*." *New York* v. *Quarles, supra* at 653. We have also adopted the public safety exception, allowing statements made by a suspect to be admissible in court if the questions posed by the police officers were based on a "concern for public safety," even if a suspect has not been given Miranda warnings. *Commonwealth* v. *Clark, supra.*

Here, Partello was faced with an emergency situation that required protecting approximately 890 children at the middle

school and residents of the neighborhood. In these circumstances, where the juvenile possessed a clear plastic bag containing over fifty bullets and was observed showing the bag to other students, Partello reasonably concluded that there was an immediate need to question the juvenile about the presence of a firearm because the obligation of protecting other students and community members outweighed the administration of Miranda warnings to the juvenile in the presence of an interested adult. The juvenile's possession of over fifty bullets alone was enough to support the inference that a gun was in close proximity and to invoke the public safety exception to the requisite Miranda warnings.

*Conclusion.* For the reasons set forth above, we reverse the order granting the motion to suppress. This case is remanded to the Juvenile Court for further proceedings consistent with this opinion.

*So ordered.*